UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSMIN BERRIOS,<br>　　　　Plaintiff<br>　v.<br>NANCY A. BERRYHILL[1], Acting Commissioner of Social Security,<br>　　　　Defendant. | Case No. 8:16-cv-02272-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Osmin Berrios ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 8 and 11] and briefs addressing disputed issues in the case [Dkt. 15 ("Pl. Br."), Dkt. 19 ("Def. Br."), and ("Pl. Rep.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn W. Colvin as the defendant in this action.

should be remanded.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

In May 2013, Plaintiff filed an application for DIB, alleging disability as of March 24, 2012. [Dkt. 14, Administrative Record ("AR") 28, 167-74.] Plaintiff's application was denied at the initial level of review and on reconsideration. [AR 28, 105-09, 115-19.] On March 5, 2015, a hearing was held before Administrative Law Judge Kyle E. Andeer ("the ALJ"). [AR 50-74.] On May 19, 2015, the ALJ issued an unfavorable decision. [AR 28-44.]

The ALJ applied the five-step sequential evaluation process to find Plaintiff not disabled. *See* 20 C.F.R. § 404.1520(b)-(g)(1). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. [AR 30.] At step two, the ALJ found that Plaintiff suffered from the severe impairments of right carpal tunnel syndrome, anxiety, and depressive disorder. [*Id.*] At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations, ("the Listings"). [AR 32]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1. Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work (20 C.F.R. § 404.1567(b)), with the following limitations:

> [He] can perform handling or gross manipulation with the dominant right hand frequently; [he] is limited to simple, routine and repetitive work; [he] is limited to a low stress job environment with only occasional decision making or judgment required and only occasional changes in the work setting; [he] requires only occasional supervision; [and he] can occasionally interact with coworkers and the public.

[AR 33-34.] At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. [AR 41.] Considering Plaintiff's RFC, age (42 years on the alleged onset date), education, and work experience, the ALJ determined at step five

that Plaintiff could perform jobs existing in significant numbers in the national economy, including representative occupations such as small products assembler, cleaner/housekeeper, and plastic hospital parts assembler. [AR 42-43.]

The Appeals Council denied review of the ALJ's decision on November 18, 2016. [AR 1-3.] This action followed.

## III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV. DISCUSSION

Plaintiff contends the ALJ erred by failing to address the opinion of Plaintiff's treating psychiatrist, Dr. John J. Ursino. [Pl. Br. at 1-3; Pl. Rep. at 1-2.]

ALJs are required to "evaluate every medical opinion" in the record "[r]egardless of its source." 20 C.F.R.§ 404.1527(c). Generally, an ALJ must "give more weight to the medical opinions from [ ] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)." 20 C.F.R. § 404.1527(c)(2); *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). When an opinion from a treating doctor is contradicted by other medical opinions, the treating doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

Dr. Ursino began treating Plaintiff in August 2011 and diagnosed Plaintiff

3

with bipolar disorder, mixed. [AR 1459-60, 1603-05.] In November 2013, Dr. Ursino completed a Mental Disorder Questionnaire ("Questionnaire") and a one-page General Relief Request for Medical/Mental Health Report of Examination form ("General Relief form"). [AR 1455-60.] In the Questionnaire, Dr. Ursino reported that Plaintiff exhibited severe mood swings, sadness, depression, and anxiety. [AR 1456-57.] He noted that Plaintiff had impaired concentration, faulty judgment, and difficulty getting along with fellow employees, adapting to stressors common to the work environment, and performing daily activities. [AR 1456-58.] In the General Relief form, Dr. Ursino opined that Plaintiff's condition was permanent and not suitable to any form of employment. [AR 1460.]

The ALJ failed to mention Dr. Ursino's records and opinions in the decision. This constituted error. "Because a court must give 'specific and legitimate reasons' for rejecting a treating doctor's opinions, it follows even more strongly that an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them." *Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) (ALJ erred by giving "no reasons for not mentioning" a treating physician or his medical notes); *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs."); *Lester*, 81 F.3d at 830-31; 20 C.F.R.§ 404.1527(c).

Defendant argues that Dr. Ursino's opinion was not significant, probative, or inconsistent with the ALJ's RFC assessment. [Def. Br. at 10.] The Court finds that Defendant's arguments are not supported by the record. Dr. Ursino opined that Plaintiff's condition precluded all work, which was clearly significant, probative, and inconsistent with the ALJ's RFC. [AR 34, 1460.] Moreover, Dr. Ursino discussed Plaintiff's significant difficulty getting along with fellow employees, noting that Plaintiff exhibits elevated anxiety and paranoid ideation regarding his relationships with coworkers and others. [AR 1457-58.] Dr. Ursino also reported

that Plaintiff has difficulty performing daily activities (*i.e.*, maintaining personal affairs, shopping, cooking, and paying bills). [AR 1457.] In contrast, the ALJ concluded that Plaintiff could interact with coworkers and the public occasionally and perform daily activities with only mild restrictions. [AR 32, 34.] While Dr. Ursino's opinions may not have been entitled to controlling weight, the ALJ was still required to state reasons for disregarding such evidence. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (holding that the Commissioner "may not reject 'significant probative evidence' without explanation") (internal citation omitted); *Garrison*, 759 F.3d at 1012, n.11 ("when a treating source's opinions are not given controlling weight, ALJs must apply the factors set forth in 20 C.F.R. § 404.1527(c)(2)(i-ii) and (c)(3-6) in determining how much weight to give each opinion"); *see also* Social Security Ruling ("SSR") 96-5p, available at 1996 WL 374183, *2-3 (explaining that a physician's statement regarding "issues reserved to the Commissioner," such as whether an individual is disabled, "must never be ignored").

Defendant also argues that the ALJ's error in failing to discuss Dr. Ursino's opinion was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (recognizing that "harmless error principles apply in the Social Security Act context"). In order to consider an ALJ's error harmless, a reviewing court must be able to "'confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006)). Stated another way, an ALJ's error is harmless only if it is "'inconsequential to the ultimate nondisability determination.'" *Marsh*, 792 F.3d at 1173 (quoting *Stout*, 454 F.3d at 1055). Here, the ALJ's error in failing to address Dr. Ursino's opinion was not inconsequential to the ultimate nondisability determination, as fully crediting Dr. Ursino's opinions would likely alter Plaintiff's RFC assessment and direct a determination of disability. [AR 34, 1455-60.]

5

Therefore, the Court cannot confidently conclude that no reasonable ALJ could have reached a different disability determination or that the ALJ's error was harmless. *See Marsh*, 792 F.3d at 1173. Accordingly, reversal is warranted.[2]

### V. CONCLUSION

When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). But the Court does have discretion to make a direct award of benefits under the "credit-as-true" rule, which asks whether: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. Each part of this three-part standard must be satisfied for the Court to remand for an award of benefits, *id.*, and it is only the "unusual case" that meets this standard, *Benecke*, 379 F.3d at 595. Moreover, if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," a court must remand for further proceedings "even though all conditions of the credit-as-true rule are satisfied."

---

[2] The Court has not reached the remaining issues raised by Plaintiff (*i.e.*, whether the ALJ erred by failing to properly consider the opinions of Plaintiff's doctors (Drs. Matos, Tribble, and Dorsey) and the State agency medical consultants, whether the ALJ properly considered Plaintiff's subjective symptom testimony, and whether new evidence submitted to the Appeals Council warrants remand), except as to determine that reversal with the directive for immediate payment of benefits would not be appropriate at this time. However, the ALJ should address Plaintiff's additional contentions of error when evaluating the evidence on remand.

*Garrison*, 759 F.3d at 1021; *see also Leon*, 880 F.3d at 1145 ("an award under [the credit-as-true] rule is a rare exception, and the rule was intended to deter ALJs from providing boilerplate rejections without analysis"); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error.").

Here, because the ALJ did not even mention Dr. Ursino's opinions, questions regarding the extent to which Plaintiff's symptoms limit his ability to work remain unresolved. As the record has not been fully developed, remand for further proceedings is appropriate. *See Garrison*, 759 F.3d at 1020; *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (remand for further proceedings is appropriate when the record is not "fully developed"); *see also Marsh*, 792 F.3d at 1173 (when ALJ did not even mention treating physician's opinion that claimant's condition rendered her "pretty much nonfunctional," remand was appropriate to allow the ALJ to comment on the opinion).

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS ORDERED.**

DATED: February 23, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE